T.C. Memo. 1997-344


UNITED STATES TAX COURT


DERK O. AND JULIA K. PEHRSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 343-96.                    Filed July 28, 1997.


Derk O. Pehrson, pro se.

<u>Richard W. Kennedy</u>, for respondent.


MEMORANDUM OPINION


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1]     Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.
Although respondent determined a deficiency and addition to tax
totaling $10,193, the amount of deficiency placed in dispute by
petitioners (within the meaning of sec. 7463) does not exceed
$10,000.

Respondent determined a deficiency of $9,931 and an addition to tax, under section 6651(a)(1), of $262 in petitioners' Federal income tax for 1993.

Following concessions by the parties, the issues remaining for decision are: (1) Whether petitioners are entitled to an automobile rental expense deduction for 1993 as a trade or business expense under section 162(a), and (2) whether petitioners are liable for the addition to tax, under section 6651(a)(1), for failure to timely file a Federal income tax return.

Some of the facts were stipulated, and those facts, with the annexed exhibits are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Salt Lake City, Utah.

Derk O. Pehrson (petitioner husband) is a licensed real estate broker in the State of Utah and was engaged in the business of real estate sales during the year at issue. Petitioner husband was also employed by Colonial Mortgage during 1993. His wife, Julia K. Pehrson (petitioner wife), was employed as a vice president of Hercules Credit Union (Hercules) during the year at issue.

In August 1993, petitioners rented a vehicle and drove, along with their two young children, from Salt Lake City to Orlando, Florida. On their way to Orlando, the family drove

through Memphis, Tennessee, and visited Graceland, the former home of Elvis Presley, the deceased entertainer.  While in Orlando, petitioner wife attended a seminar in connection with her job at Hercules, and petitioner husband and the children visited Walt Disney World and Universal Studios.  The family also visited the Kennedy Space Center at Cape Canaveral, Florida, and several other tourist attractions during their trip.  Upon departing Orlando, the family drove north to Harrisburg, Pennsylvania, where petitioner husband conducted business with regard to his real estate sales activity.  Once petitioner husband completed his business, the family drove back to Salt Lake City.  The entire trip encompassed approximately 2-1/2 weeks, and the cost for the automobile rental was $904.59.

On their 1993 Federal income tax return, which they filed on June 12, 1995, petitioners deducted on Schedule C, Profit or Loss From Business, among other expenses, $905 for the cost of renting the automobile used to make the aforementioned Orlando trip.  In the notice of deficiency, respondent made several adjustments, including the disallowance of the $905 automobile rental expense deduction.  Respondent further determined that petitioners were liable for the addition to tax, under section 6651(a)(1), for failure to timely file a Federal income tax return.  Prior to trial, the parties settled all adjustments in the notice of

deficiency with the exception of the $905 automobile rental expense deduction and the section 6651(a)(1) addition to tax.[2]

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction, and that such deduction fits squarely within the ambit of the statute providing the deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

With respect to the $905 automobile rental expense, section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Such deductions include traveling expenses incurred while away from home in the pursuit of a trade or business. Sec. 162(a)(2). Traveling expenses include travel fares. Sec. 1.162-2(a), Income Tax Regs. If expenses for travel to and from a destination are incurred for both business and other purposes, such expenses are deductible only if the travel is primarily related to the taxpayer's trade or business. Sec. 1.162-2(b)(1),

---

[2] Based on the settlement agreed to, which is reflected in the written stipulation filed at trial, a Rule 155 computation will be necessary regardless of how the Court rules on the $905 expense item.

Income Tax Regs. If a trip is primarily personal in nature, expenses are not deductible even if the taxpayer engaged in some business activities at the destination. Id. Whether travel is related primarily to the taxpayer's trade or business or is primarily personal is a question of fact. Sec. 1.162-2(b)(2), Income Tax Regs.; see also Holswade v. Commissioner, 82 T.C. 686, 698, 701 (1984). The amount of time during the period of the trip that is spent on personal activity, compared to the amount of time spent on activities directly relating to the taxpayer's trade or business, is an important factor in determining whether the trip is primarily personal. Holswade v. Commissioner, supra. The taxpayer must prove that the trip was primarily related to the trade or business. Rule 142(a).

Petitioners contend that the Orlando trip was primarily related to petitioner husband's business as a real estate broker, and, therefore, the $905 automobile rental expense should be deductible on Schedule C of their return as a trade or business expense. Petitioners contend further that any sightseeing and other personal activities engaged in during the trip were purely incidental. Respondent contends that the Orlando trip was not primarily related to petitioner husband's trade or business as a real estate broker, and, therefore, the automobile rental expense is not deductible.

At trial, petitioner husband admitted that the portion of the trip to Orlando was not related to his trade or business of real estate sales but, rather, was related to petitioner wife's employment. Petitioner wife's employer reimbursed petitioners for the cost of sending petitioner wife to the seminar in Orlando. The total length of the trip was 15 to 17 days. Petitioner husband admitted further that only 3 days of the trip were attributable to his business activities in Harrisburg, and 5 days were attributable to petitioner wife's seminar in Orlando. The remainder of the trip was spent traveling. When questioned as to why he did not make a separate trip to Harrisburg, petitioner husband responded that it was more economical for him to combine the two destinations into one trip.

The amount of time spent on petitioner husband's business activities was nominal in relation to the entire trip. Furthermore, the date of the trip, as well as the travel route, were determined primarily by petitioner wife's seminar in Orlando. Petitioner husband had known for at least several months prior to the trip that he needed to conduct business in Harrisburg. He delayed the conduct of such business, however, and chose to combine it with petitioner wife's seminar trip as a matter of family convenience and economics.

On this record, the Court finds that petitioners' trip was not primarily related to petitioner husband's business as a real

estate broker.[3] The two principal factors that lead the Court to this conclusion are (1) the personal aspects of the trip, and (2) that one leg of the trip (also the lengthiest), to Orlando, was not related to petitioner husband's trade or business. Accordingly, the Court holds that the $905 automobile rental expense is not deductible by petitioners as a trade or business expense. Respondent, therefore, is sustained on this issue.

The second issue is whether petitioners are liable for the addition to tax under section 6651(a)(1) for their failure to timely file a Federal income tax return. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a timely return, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". The addition to tax is 5 percent of the amount required to be shown on the return for each month beyond the return's due date, not to exceed 25 percent. Sec. 6651(a)(1).

Petitioners applied for, and received, two extensions of time to file their 1993 Federal income tax return. The second extension expired on October 15, 1994; however, petitioners did not file their return until June 12, 1995. Petitioners contend that their failure to timely file was due to reasonable cause

---

[3] The Court notes further that, since petitioner wife's expenses for the Orlando trip were fully reimbursed by her employer, the automobile rental expense would not be deductible as an unreimbursed employee expense incurred by her.

because petitioner husband was incapacitated by a back injury and subsequent surgery. Further, in late 1992, petitioners sold their home and were forced to store their records, as well as other belongings, while they lived temporarily with petitioner husband's parents. Finally, in late 1992 or early 1993, petitioner husband terminated the lease on his office space and had all of his books and records placed in storage. Petitioners contend that their books and records, both business and personal, were inaccessible.

Petitioner husband's back injury occurred in 1992, and he underwent surgery in early 1993. Petitioner husband had made sufficient recovery by August 1993 to make a 2-1/2-week cross-country drive by automobile. Moreover, petitioner wife was not physically incapacitated during any of this period. Petitioners' various books and records were placed in storage anywhere from late 1992 to early 1993. The original due date of petitioners' 1993 return was not until April 15, 1994, and petitioners received an additional 6-month extension for the filing of their return. The Court is satisfied that, despite their apparent setbacks, petitioners were afforded an ample amount of time to assemble their books and records and complete their 1993 return. The evidence is insufficient to show that petitioners' failure to timely file a Federal income tax return for 1993 was due to reasonable cause and not due to willful neglect. Petitioners,

therefore, failed to satisfy their burden of proof to absolve them of liability under section 6651(a)(1). Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Respondent, therefore, is sustained on the addition to tax under section 6651(a)(1).

<u>Decision will be entered under Rule 155.</u>